Shawnee Perdue, ISB No. 8888
PERDUE LAW PLLC
350 North Ninth Street, Ste 500
Boise, Idaho 83702
p: 208.401.9575
f: 208.401.9576
sperdue@perdue.lawyer


Sam Johnson, ISB No. 4777
Johnson & Monteleone, L.L.P
350 North Ninth Street, Ste 500
Boise, Idaho 83702
p: 208.331.2100
f: 208.947.2424
sam@treasurevalleylawyers.com


Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| **VIRGINIA G. TUCKER**<br><br>            Plaintiff,<br><br>vs.<br><br>**CHOBANI, LLC,** a Delaware Limited Liability Company**,** and **CHOBANI IDAHO, LLC,** an Idaho Limited Liability Company<br><br>            Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Virginia G. Tucker (hereinafter referred to as "Tucker" or "Plaintiff") by and through her attorneys, hereby complains against Defendants Chobani, LLC, and Chobani Idaho, LLC, (hereinafter referred to as "Defendants" or "Chobani" or "Chobani Idaho").

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## PARTIES

1. Plaintiff is a resident of Twin Falls County, Idaho. At all times relevant to this Complaint, Plaintiff was a resident of the state of Idaho.

2. Plaintiff was employed as a Maintenance Technician by Defendants from, on or about January 14, 2013, to on or about June 24, 2015.

3. Defendant Chobani is a Delaware limited liability company. Chobani's principal place of business is in Norwich, New York. Chobani operates and manages a food production facility in Twin Falls, Idaho.

4. Defendant Chobani Idaho is an Idaho limited liability company. Chobani Idaho's principal place of business is in Twin Falls, Idaho. Chobani Idaho operates and manages a food production facility is in Twin Falls, Idaho.

5. All actions and omissions giving rise to Plaintiff's claims took place in Twin Falls County, Idaho.

## JURISDICTION AND VENUE

6. This is a civil action over which this Court has jurisdiction pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* Additionally, this Court shares concurrent jurisdiction with the courts of the state of Idaho in matters arising under the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.* This Court's jurisdiction over Plaintiff's state law claim is founded upon 28 U.S.C. § 1367.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), because Chobani Idaho is a resident of the state of Idaho and all acts complained of occurred in Twin Falls County, Idaho.

## GENERAL ALLEGATIONS

8. The Plaintiff hereby incorporates and re-alleges herein all previous paragraphs of this Complaint.

9. Plaintiff was hired by Defendants on or about January 14, 2013, as a "Maintenance Technician." Plaintiff believes it was Mr. Norm Coon who made the decision to hire Plaintiff and that he was the Maintenance Department Manager at the time of her hire.

10. Plaintiff was the only female maintenance technician who actually operated tools and conducted preventative maintenance of the machinery on an ongoing, day-to-day basis, and was the second oldest employee in the maintenance department.

11. At all times during the course of her employment, Plaintiff performed her job duties in a competent and satisfactory manner and did not have any performance issues until shortly before her termination on or about June 24, 2015.

12. Plaintiff was well respected by her coworkers for her work ethic, professionalism, and excellent performance.

13. Plaintiff was over the age of sixty (60) years at the time of her termination.

14. During the term of her employment, Plaintiff's direct supervisors were significantly younger than Plaintiff and were male in gender.

15. During the term of her employment, Plaintiff was discriminated against as a result of her age and gender.

16. A younger, male supervisor of Plaintiff's stated in meetings with other supervisors that Plaintiff should receive negative performance ratings because he believed she was a threat to the company, did not like her, and that she should be fired before she sued the company.

17. In March 2015, immediately after Plaintiff was examining a valve, younger, male supervisor (Manny Mendez) stated in a sarcastic and caustic way that his "grandma might be eating beans and rice, but she wouldn't be out here working like you."

18. Mr. Mendez admitted to making the above referenced comment, but then falsely stated it was meant as a compliment. Plaintiff is of a sufficient sound and mature mind to know the difference between a compliment and a sarcastic, ageist, and derogatory remark. The statement made by Mr. Mendez fell into the latter category.

19. Plaintiffs' younger male supervisors pulled a humiliating prank on Plaintiff in a crowded lunch room, and then stood around and laughed at Plaintiff.

20. Plaintiff complained to her supervisors and the Human Resources Department, but her complaints were ignored.

21. On June 23, 2014, the Plaintiff timely filed a Charge of Discrimination with both the Idaho Human Rights Commission ("IHRC") and Equal Employment Opportunity Commission ("EEOC") charging Chobani with violations of the Age Discrimination in Employment Act, Title VII, and the Idaho Human Rights Act.

22. The next day, on June 24, 2015, Plaintiff was summarily called into a disciplinary meeting where she was wrongfully accused and abruptly terminated

for allegedly not performing the proper lock-out/tag-out procedure while working on a piece of equipment.

23. The decision to terminate Plaintiff was made and carried out by her younger, male supervisors.

24. In terminating Plaintiff, Chobani failed to follow its own policies and procedures for disciplining employees. The employee handbook provides the following procedures in disciplining and terminating employees:

> "All disciplinary action will include a four (4) step progressive program initiating from the date of the verbal warning and consisting of the following:
>
> 1. Verbal warning (with written documentation)
>
> 2. A written warning
>
> 3. Time off without pay (a maximum of 3 days)
>
> 4. Termination
>
> All disciplinary action notifications will remain effective for 12 rolling months from the time of issuance. Repeat occurrences of similar violations of a policy will result in termination if four (4) occurrences are noted within a 12 rolling month period. The 12 months period begins on the date of the verbal warning being issued.
>
> The four (4) step policy may be waived for severe infractions such as, but not limited to, fighting, insubordination, self-termination, theft, willful destruction of company product, property, materials or equipment, drug or alcohol offenses, falsifying records or documents, severe safety violations, horseplay or other violations found within the employee handbook." *Chobani Employee Handbook*, Section 4: On The Job: Progressive Disciplinary Action, July 1, 2010, p. 4.

25. If, in fact, Chobani had conducted a basic investigation, it would have discovered that Plaintiff had not violated the lock-out/tag-out procedure while working on the equipment.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

26. The Idaho Department of Labor did conduct a thorough investigation into whether the lock-out/tag-out procedure was violated, and concluded that Chobani had <u>not</u> shown that the Plaintiff violated any of Chobani's policies and procedures, including the lock-out/tag-out procedure.

27. In terminating Plaintiff, Chobani failed to discipline or terminate Plaintiff's male counterpart who, if the lock-out/tag-out procedure had actually been violated, would have been equally in violation as Plaintiff.

28. Plaintiff was terminated on the same day as Jerry Ash, another older employee working in the Maintenance Department for Chobani. Chobani terminated approximately eight (8) other employees over the age of 45 near the time of Plaintiff's termination.

29. Plaintiff's position was filled by a much younger, much less experienced male employee.

30. Plaintiff's case has been administratively dismissed by the both the IHRC and EEOC and Plaintiff obtained a Notice of Right to sue from each agency less than ninety (90) days ago.

31. Chobani is an employer within the meaning of the Idaho Human Rights Act, Idaho Code § 67-5902(6), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*

## COUNT ONE
## AGE DISCRIMINATION IN VIOLATION OF THE
## ADEA AND THE IDAHO HUMAN RIGHTS ACT

32. The Plaintiff hereby incorporates and re-alleges herein all previous paragraphs of this Complaint.

33. Chobani's disparate treatment and termination of Plaintiff was based on Plaintiff's age.

34. The actions of Chobani in discriminating against and terminating Plaintiff because of her age is in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, which prohibit discrimination in employment based on age.

35. Plaintiff is entitled to recover damages, including back and front pay and lost benefits, compensatory and liquidated damages, and attorney fees because of Chobani's discriminatory conduct.

36. Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting this action pursuant to the Age Discrimination in Employment Act and the Idaho Human Rights Act.

## COUNT TWO
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII AND THE
## IDAHO HUMAN RIGHTS ACT

37. The Plaintiff hereby incorporates and re-alleges herein all previous paragraphs of this Complaint.

38. Chobani's disparate treatment and termination of Plaintiff was based on Plaintiff's gender.

39. The actions of Chobani in discriminating against and terminating Plaintiff because of her gender is in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000(e) *et seq.,* and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, which prohibit discrimination in employment based on gender.

40. Plaintiff is entitled to recover damages, including back and front pay and lost benefits, compensatory and punitive damages, and attorney fees because of Chobani's discriminatory conduct.

41. Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting this action pursuant to Title VII and the Idaho Human Rights Act.

### COUNT THREE
### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. The Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint.

43. Chobani's conduct in violating the Age Discrimination in Employment Act, Title VII, and the Idaho Human Rights Act was extreme, outrageous and egregious.

44. As a result of Chobani's extreme and outrageous conduct toward Plaintiff, she has suffered, and continues to suffer, severe emotional distress, including physical manifestations of that distress.

45. Chobani's acts and/or omissions were intentional, willful and/or negligent.

46. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff is entitled to be compensated for her damages in an amount to be proven at trial.

47. Plaintiff further is entitled to recover attorney fees and costs incurred in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment for special damages, including lost earnings and benefits in an amount to be proven at trial;

2. For all general and all special damages in an amount to be proven at trial;

3. For interest, costs and attorney fees under the Age Discrimination in Employment Act, Title VII, and the Idaho Human Rights Act and any other applicable state or federal laws;

4. For such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury composed of no less than twelve (12) persons on all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b).

DATED: This _21_ day of August, 2017.

JOHNSON & MONTELEONE, L.L.P.

_/s/ Sam Johnson_____
Sam Johnson

**COMPLAINT AND DEMAND FOR JURY TRIAL - 9**