IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VIRGINIA G. TUCKER,<br><br>    Plaintiff,<br><br>v.<br><br>CHOBANI, LLC a Delaware Limited Liability Company, CHOBANI IDAHO, LLC, an Idaho Limited Liability Company,<br><br>    Defendants. | Case No. 1:17-CV-345-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to amend complaint filed by plaintiff Tucker. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion.

## ANALYSIS

Plaintiff Tucker filed her complaint on August 21, 2017, claiming that she was wrongfully terminated from her job as a Maintenance Technician with defendant Chobani. The parties stipulated that the deadline for any amendments to pleadings would be May 18, 2018, and the Court entered a Case Management Order adopting that deadline. *See Order (Dkt. No. 12)*. About a week before that deadline expired, Tucker filed a motion to amend her complaint to add two new claims for retaliatory discharge. In the amended allegations, Tucker alleges that she was fired after complaining to

Chobani's Human Resources Department, and to the Idaho Human Rights Commission. She alleges that her retaliatory firing violated Title VII and the Idaho Human Rights Act.

Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires." The policy underlying the liberal allowance of amendment is to facilitate a proper decision on the merits rather than on the pleadings or technicalities. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.1987). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.*

Chobani argues that Tucker had all the information necessary to plead retaliation when she filed her initial complaint, and that she unduly delayed filing her motion. But Tucker's motion was timely under the deadline stipulated to by Chobani, and there is no evidence that Chobani was prejudiced because Tucker did not file her motion earlier.

Chobani also argues that the amendment is futile because Chobani fired Tucker before she complained to its Human Rights Department and the Idaho Human Rights Commission, and thus could not have committed a retaliatory firing. But that is a contested issue that cannot be resolved at this stage of the litigation – Tucker alleges that she was fired after her complaints.

For all of these reasons, the Court will grant the motion to amend.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend (docket no. 16) is GRANTED, and the plaintiff is directed to file with the Clerk a First Amended Complaint.

**Memorandum Decision & Order – page 2**



DATED: July 2, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge